UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BENNY HERNANDEZ | CIVIL ACTION |
| VERSUS | No. 17-6892 |
| ASAP EMPLOYMENT SERVICES, INC. ET AL. | SECTION I |

## ORDER & REASONS

*Pro se* plaintiff Benny Hernandez ("Hernandez") moves the Court to reconsider its previous order[1] dismissing all claims asserted against defendants SPX Cooling Technologies, Inc. ("SPX") and XCEL Erectors, Inc. ("XCEL"). For the following reasons, the Court denies Hernandez's motion.

## II.

Hernandez filed this lawsuit alleging employment discrimination under the Americans with Disabilities Act ("ADA"). He asserts that he was injured while working for XCEL at a facility in Donaldsonville, Louisiana.[2] XCEL is a subcontractor that provides certain services at the facility.[3] SPX is XCEL's parent company.

Hernandez claims that, following his accident, he was told to "go ahead and have surgery."[4] He further contends that "months after surgery they came at me that

---

[1] R. Doc. No. 24.
[2] R. Doc. No. 1, ¶ 2.
[3] R. Doc. No. 18-1, at 1.
[4] R. Doc. No. 1, ¶ 2.

I had done something wrong by not disclosing my disability and time of employment and time of injury."⁵ He then insists that "they [] took away [his] settlement."⁶

Hernandez filed three charges of discrimination against ASAP Employment Services, Inc., SPX, and XCEL. In relevant part, those charges state,

> My employment . . . began July 1, 2014. In September 2014 I suffered an on the job injury at another location. I was unable to work. I filed for workers compensation. In April 2016 my case was settled; however, I was denied a full settlement. My attorney agreed to the settlement. I am still unable to work. . . . The company stated that I was denied the full settlement amount because I failed to reveal my disability during the hiring process. I believe I have been discriminated against because of my disability in violation of The Americans with Disabilities Act as amended.⁷

In essence, Hernandez maintains that his employers refused to provide him with a "full settlement," thereby violating his rights under the ADA. On October 30, 2017, SPX and XCEL moved to dismiss Hernandez's claims against them, arguing that Hernandez has failed to plead facts sufficient to establish an actionable claim under the ADA. Hernandez did not respond to SPX and XCEL's motion.

On November 20, 2017, for both procedural and substantive reasons, the Court granted SPX and XCEL's uncontested motion to dismiss. On December 22, 2017, Hernandez filed the instant motion for reconsideration. In his motion, Hernandez asserts that he did not respond to SPX and XCEL's motion because he was

---

⁵ *Id*.
⁶ *Id*.
⁷ *Id*. at 6,10, 14.

2

hospitalized from October 21, 2017 to November 13, 2017.⁸ Accordingly, he asks the Court to revisit its decision to dismiss SPX and XCEL. The Court construes Hernandez's motion as a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.

## I.

### A.

Hernandez argues that his failure to respond to SPX and XCEL's motion due to hospitalization constitutes excusable neglect.⁹ "Rule 60(b) permits relief for mistake, inadvertence, surprise, or excusable neglect, among other reasons." *Federal Sav. And Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988). However, "[t]o merit relief, a party must show that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside." *Id.*

> Several factors shape the framework of the court's consideration of a 60(b) motion: (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgement

---

⁸ R. Doc. No. 31. The Court notes that Hernandez was released from the hospital two days prior to the noticed submission date of SPX and XCEL's motion and seven days prior to the Court issuing a decision on the motion. Nevertheless, Hernandez made no attempt to contact the Court to file a response or request an extension.

The Court further observes that Hernandez still has not offered a sufficient response to SPX and XCEL's motion. His motion for reconsideration simply rehashes the allegations set forth in the complaint, never addressing any of the arguments raised by SPX and XCEL in support of their motion to dismiss.
⁹ *Id.*

3

> was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*Edward H. Bolin Co., Inc. v. Banning Co., Inc.*, 6 f.3d 350, 356 (5th Cir. 1993).

"While Rule 60(b)(1) allows relief for 'mistake, inadvertence . . . or excusable neglect,' these terms are not wholly open-ended." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). "[T]he fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting relief from summary judgment contemplated by Rule 60(b)." *Smith v. Alumax Extrusions, Inc.,* 868 F.2d 1469, 1471–72 (5th Cir.1989); *see also Edward H. Bohlin Co.,* 6 F.3d at 357 ("A party has a duty of diligence to inquire about the status of a case."); *Pryor,* 769 F.2d at 287 ("This Court has pointedly announced that a party has a duty of diligence to inquire about the status of a case."). Once it is established that a party's neglect "was at least a partial cause of its failure to respond," the moving party then has "the burden to convince the court that its neglect was excusable." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999). Particularly in light of his status as a *pro se* litigant, the Court finds that Hernandez's hospitalization constitutes excusable neglect and will proceed to reconsider its decision dismissing SPX and XCEL.

4

## B.

SPX and XCEL originally filed a motion to dismiss for failure to state a claim brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a district court may dismiss a complaint, or any part of it, when a plaintiff has not set forth well-pleaded factual allegations that would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

In assessing the complaint, the Court must accept all well-pleaded factual allegations as true and liberally construe all such allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Where "the complaint 'on its face show[s] a bar to relief,'" then dismissal is the appropriate course. *Cutrer v. McMillan*, 308 Fed. App'x.

819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## C.

"A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Accordingly, the Court "hold[s] *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Nevertheless, "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Id.* "Even a *pro se* complaint must contain specific facts supporting its conclusions." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

## III.

To state an employment discrimination claim under the ADA, a plaintiff must allege "that (a) []he has a disability; (b) []he is a qualified individual for the job in question; and (c) an adverse employment decision was made because of [his] disability." *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999). The Fifth Circuit has adopted a "strict interpretation" of the adverse employment element, whereby an employment action "that does not affect job duties, compensation, or benefits" is not an adverse employment action. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (quotations omitted). Adverse employment actions

consist of "*ultimate employment decisions* such as hiring, granting leave, discharging, promoting, and compensating." *Id.*

Under this strict standard, Hernandez has not demonstrated an adverse employment action sufficient to state a claim under the ADA. Hernandez does not contend that SPX or XCEL discriminated against him on the basis of his disability in the course of hiring, promoting, compensating, or discharging him nor does he assert that SPX or XCEL denied him leave or altered his job duties due to his disability. Rather, Hernandez insists that SPX and XCEL "took away his settlement."[10]

By Hernandez's own admission, however, his worker's compensation claim was settled. In fact, Hernandez was represented by counsel during the mediation of his claims. According to a summary of that mediation compiled by Hernandez's lawyer, the settlement offer "and all of what transpired during the mediation was presented to [Hernandez] via phone . . . . On April 7, 2016, [Hernandez] advised [he] would accept the $25K settlement."[11] At a recent status conference, Hernandez confirmed that he accepted a $25,000 settlement for his worker's compensation claims, that the $25,000 has been paid to him, and that he signed a release with respect to claims against his employer.[12] Thus, Hernandez may not have gotten the settlement he desired, but he did receive a settlement—one that he evidently authorized his attorney to accept. These settlement negotiations are not a sufficient basis for an

---

[10] R. Doc. No. 1, ¶ 2.
[11] R. Doc. No. 1, at 24.
[12] R. Doc. No. 34.

7

employment discrimination claim under the ADA.[13]  Hernandez has, therefore, failed to state a claim against SPX and XCEL, and his motion for reconsideration does not offer any new evidence or arguments that would lead the Court to stray from this conclusion.

Accordingly,

**IT IS ORDERED** that Hernandez's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, January 5, 2018.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[13] Courts outside the Fifth Circuit have held that "an adverse employment action does not include an employer's refusal to grant an employee a discretionary benefit to which she is not automatically entitled," *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1033 (7th Cir. 2004), and that "[p]ayments offered to a former employee in exchange for a release of legal claims—whether the parties call the payment a severance or a settlement—are a discretionary benefit and do not constitute adverse employment action where those payments are not required by a contract." *Sicher v. Merrill Lynch*, No. 09-cv-1825, 2011 WL 892746, at *4 (N.D. Ill. March 9, 2011).